IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION



CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 3 0 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

CYNTHIA E. MILLER,                          )
                                            )
            Plaintiff,                      )       Civil Action No. 5:06CV00053
                                            )
v.                                          )       **MEMORANDUM OPINION**
                                            )
COUNTY OF ROCKINGHAM, et al.,               )       By: Hon. Glen E. Conrad
                                            )       United States District Judge
            Defendants.                     )

Cynthia E. Miller filed this action under the Family and Medical Leave Act of 1993

(FMLA), 29 U.S.C. §§ 2601-2654, against the County of Rockingham, the Upper Valley

Regional Park Authority ("Park Authority"), the County of Augusta, the City of Harrisonburg,

the City of Staunton, and Andrew Wells, the Park Authority's Executive Director.[1]  The case is

presently before the court on the motion to dismiss filed by Wells, as well as the motion to

dismiss filed by the County of Rockingham and the County of Augusta (collectively referred to

as "the Counties").[2]  For the reasons that follow, the Counties' motion will be denied and Wells'

motion will be granted in part and denied in part.

### Background

The following facts are taken from Miller's complaint.  In March of 2000, Miller was

hired to work as a caverns operator at Grand Caverns Regional Park ("Grand Caverns") in

Grottoes, Virginia.  The following December, she was promoted to Park Manager by David R.

Leatherwood, the former Executive Director of the Park Authority.  With the promotion, Miller

---

[1] By order entered March 6, 2007, the City of Harrisonburg and the City of Staunton were
dismissed from the case pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

[2] The Park Authority also filed a motion to dismiss.  However, on March 6, 2007, the Park
Authority advised the court that it wished to withdraw the motion.

received a $25,000.00 annual salary, individual health insurance, retirement benefits through the Virginia Retirement System, annual and sick leave, and the use of a vehicle.

Wells became the Executive Director of the Park Authority on March 17, 2004. On April 25, 2004, Miller's stepson, Kevin H. Miller ("Kevin"), suffered serious head and spinal cord injuries in an ATV accident. Doctors at the University of Virginia removed part of Kevin's skull and placed him in a medically induced coma for approximately thirty days.

Upon learning about the accident, Miller called Wells to let him know that she was en route to the hospital and arranged for another employee to temporarily assume her job duties. Wells advised Miller to take as much time as she needed.

On April 27, 2004, two days after the accident, Miller began retrieving work assignments from Grand Caverns, either before or after her trips to the hospital. Miller would complete the assignments and return the completed work to Grand Caverns. In accordance with prior practice, Miller did not submit formal applications for leave. Instead, she indicated the use of her accrued sick leave on her time sheets.

On May 20, 2004, Miller learned about the FMLA from a nurse at the hospital. Miller subsequently submitted a formal request for annual, sick, and/or FMLA leave. Wells denied the request on the basis that Kevin was 22 years old, that he was Miller's stepson, and that Grand Caverns did not employ 50 people. Miller submitted another request for FMLA leave on June 14, 2004. Wells denied that request on the basis that Miller had not provided proper verification of need.

Miller continued to work at Grand Caverns on a full-time basis until June 15, 2004. On that date, Miller informed Wells that she needed to transport Kevin to a facility for an eye

2

operation. Wells refused Miller's request for leave. On June 18, 2004, Wells gave Miller a termination letter. Wells advised Miller that she was being terminated because of unexcused absences, insubordination, and unacceptable job performance.

Miller filed this action against the defendants on June 16, 2006. Miller alleges that she was an eligible employee for purposes of the FMLA, and that she was employed by the Authority and its participating localities, including the County of Rockingham and the County of Augusta. Miller further alleges that the defendants improperly refused to grant her requests for FMLA leave, and that they terminated her employment in violation of the Act.

## Discussion

The County of Rockingham, the County of Augusta, and Wells have now moved to dismiss the action for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Counties and Wells argue that the Authority was Miller's sole employer for purposes of the FMLA, and that the Authority employed fewer than 50 people during the relevant time period. Additionally, Wells argues that he is not subject to individual liability under the FMLA.

A.      Statutory Framework

The FMLA authorizes "eligible employees" to take up to twelve weeks of unpaid leave per year for qualifying medical or family reasons, 29 U.S.C. § 2612(a)(1), and ensures that employees will be restored to the same or equivalent positions upon returning to work, 29 U.S.C. § 2614(a)(1). The statute creates a private action entitling "eligible employees" to seek equitable relief and monetary damages "against any employer (including a public agency) in any Federal or

3

State court of competent jurisdiction," 29 U.S.C. § 2617(a)(2), should that employer "interfere with, restrain, or deny the exercise of" FMLA rights, 29 U.S.C. § 2615(a)(1). The statute also prohibits employers from discharging or discriminating against an employee "for opposing any practice made unlawful by" the FMLA. 29 U.S.C. § 2615(a)(2).

The FMLA expressly incorporates into its provisions the Fair Labor Standards Act's ("FLSA"), 29 U.S.C. §§ 201-219, definition of "employee." See 29 U.S.C. § 2611(3). The FLSA defines "employee" as "any individual employed by an employer," which generally includes "any individual employed by a State, political subdivision of a State or an interstate governmental agency." 29 U.S.C. § 203(e)(1) and (2)(C). An "eligible employee" under the FMLA is an "employee" who "has been employed for at least 12 months by the employer with respect to whom leave is requested," and "for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). Additionally, the FMLA excludes from eligibility "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that work site is less than 50." 29 U.S.C. § 2611(2)(B). The term "employer" includes any public agency, 29 U.S.C. § 2611(4)(A)(iii), and "public agency" includes "the government of a State or political subdivision thereof" and "any agency of . . . a State, or a political subdivision of a State," 29 U.S.C. §§ 203(x) and 2611(4)(A)(iii).

B.    Motions under 12(b)(1)

The Counties and Wells first argue that the court lacks subject matter jurisdiction over Miller's FMLA claims. Specifically, the moving defendants argue that the Authority was Miller's sole employer within the meaning of the FMLA, and that the Authority employed less

4

than 50 employees during the relevant time period. Thus, the moving defendants argue that Miller was not an eligible employee for purposes of the FMLA.

Having reviewed the parties' arguments and the relevant case law, the court agrees with Miller that these arguments cannot be decided in the context of a motion to dismiss for lack of subject matter jurisdiction. The United States Supreme Court's decision in Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S. Ct. 1235 (2006) compels the conclusion that the issue of whether the Counties employed Miller for purposes of the FMLA, and the issue of whether Miller was an eligible employee, are not jurisdictional in nature. In Arbaugh, the Supreme Court considered whether the numerosity requirement contained in Title VII's definition of "employer" relates to subject matter jurisdiction or the substantive adequacy of a plaintiff's Title VII claim. Arbaugh, 126 S. Ct. at 1242. The Supreme Court ultimately held that the requirement is not jurisdictional, since it appears in Title VII's section of definitions and "does not speak in jurisdictional terms or refer in any way to the jurisdiction of federal courts." Arbaugh, 126 S. Ct. at 1245. Inasmuch as the same reasoning is applicable to the definitions section of the FMLA, the court concludes that the terms "employer" and "eligible employee" are substantive ingredients of an FMLA claim rather than jurisdictional limitations.[3] See Hackworth v. Progressive Casualty Ins. Co., 468 F.3d 722, 726 at n.4 (10th Cir. 2006) (applying Arbaugh to the FMLA); Cobb v. Contract Transport, Inc., 452 F.3d 543, 548-549 (6th Cir. 2006) (same); Minard v. ITC Deltacom Communications,

---

[3] The court recognizes that in Garber v. Lance, 2006 U.S. Dist. LEXIS 29770, at *6 (W.D. Va. May 12, 2006) (Williams, J.), a decision following Arbaugh, this court stated that the FMLA's numerosity requirement is jurisdictional in nature. However, there is no indication that the Arbaugh decision was considered in Garber. In light of Arbaugh and subsequent decisions applying its holding to the FMLA, the court declines to follow Garber.

5

Inc., 447 F.3d 352, 356 (5th Cir. 2006) (same). Accordingly, the court will deny the motions to dismiss for lack of subject matter jurisdiction.

      C.    <u>Motions under Rule 12(b)(6)</u>

          1.    <u>The Counties</u>

The County of Rockingham and the County of Augusta alternatively argue that Miller's FMLA claims against them should be dismissed under Rule 12(b)(6). Relying on the same arguments made in support of their motion under Rule 12(b)(1), the Counties argue that the Authority was Miller's sole employer and that she was not employed by either of the Counties.[4]

The court is not without guidance on this issue. According to the FMLA's accompanying regulations, "the legal entity which employs the employee is the employer under the FMLA." 29 C.F.R. § 825.104(c) However, "separate entities will be deemed to be parts of a single employer for purposes of [the] FMLA if they meet the 'integrated employer' test."[5] <u>Id.</u> The regulations further provide that "[w]here there is any question" about whether a public entity is a distinct public agency, "as distinguished from a part of another public agency," the United States Bureau of the Census' "Census of Governments" generally controls. 29 C.F.R. § 825.108(c)(1). The

_____

[4] Based on the idea that this issue was jurisdictional in nature, the Counties and Miller submitted affidavits and other evidence produced during discovery to support their positions. While the court could treat the Counties' 12(b)(6) motion as a motion for summary judgment, based on the evidence submitted, the court declines to do so. The defendants previously requested that they be permitted to move for summary judgment at a later date. Moreover, Miller has filed a "motion for continuance," in which she requests the opportunity to pursue additional discovery.

[5] In determining whether two or more entities are an "integrated employer," the following factors must be considered: (1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership or financial control. 29 C.F.R. § 825.104(c)(2).

ultimate determination as to the status of a public agency requires a factual and legal inquiry. See Rollins v. Wilson County Gov't, 154 F.3d 626, 629 (6th Cir. 1998).

Applying these principles, the court is unable to conclude, at this stage of the litigation, that the Authority was Miller's sole employer for purposes of the FMLA. In deciding whether to grant a motion to dismiss under Rule 12(b)(6), the court must accept the plaintiff's facts as true, and draw all reasonable factual inferences of the plaintiff. E. Shore Mkt., Inc. v. J.D. Assoc. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Here, Miller alleges that she was employed by the Authority and its participating localities, which include the County of Rockingham and the County of Augusta; that she received W-2 forms showing the County of Rockingham as her employer; that both Counties were identified as her employer in information from the Virginia Retirement System; and that she received a letter from the County of Rockingham in June of 2004 informing her about her entitlement to continued health coverage under its group health plan. Accepting these allegations as true, the court is unable to conclude that Miller cannot prove any set of facts which would show that she was also an employee of the County of Rockingham and/or the County of Augusta for purposes of the FMLA. Accordingly, the court will deny the Counties' motion under Rule 12(b)(6).

2.     Wells

Wells also argues that Miller's claims against him must be dismissed under Rule 12(b)(6). Specifically, Wells argues that the plain language of the FMLA does not impose

7

individual liability on employees of public agencies.[6] The United States Court of Appeals

for the Fourth Circuit has not decided this issue and other circuits have reached differing

conclusions. See Mitchell v. Chapman, 343 F.3d 811, 832 (6th Cir. 2003) (interpreting the

text of the FMLA to preclude claims against employees of public agencies); but see

Modica v. Taylor, 465 F.3d 174, 186 (5th Cir. 2006) (interpreting the text of the FMLA to

---

[6] The FMLA defines "employer" as follows:

(4)     Employer

(A)     In general.

The term "employer" --

  (i)  means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;

  (ii)  includes--
    (I)  any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and

    (II)  any successor in interest of an employer;

  (iii)  includes any "public agency", as defined in section 3(x) of the Fair Labor Standards Act of 1938 (29 U.S.C. 203(x)); and

  (iv)  includes the General Accounting Office and the Library of Congress.

(B)     Public agency

For purposes of subparagraph (A)(iii), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce.

29 U.S.C. § 2611(4)

8

permit a public employee to be held individually liable); Darby v. Bratch, 287 F.3d 673, 681 (8th Cir. 2002) (same).

Having reviewed the relevant statutory language and the aforementioned decisions, the court agrees with the Sixth Circuit that "the FMLA's text and structure reveals that the statute does not impose individual liability on public agency employers." Mitchell, 343 F.3d at 829. First and foremost, the section defining "employer," 29 U.S.C. § 2611(4)(A), explicitly separates the public agency provision from the individual liability provision. Id. Second, the "commingling of clauses (i) - (iv) [of § 2611(4)] renders other provisions of the statute superfluous." Id. at 830. Finally, as evidenced by other provisions of the FMLA, the statute "distinguishes its definition of employer from that provided in the FLSA by separating the individual liability and public agency provisions." Id. at 832. Based on these factors identified in Mitchell, the court concludes that the FMLA's individual liability provision does not extend to employees of public agencies. Thus, Wells is not subject to liability under the FMLA and Miller's claims against him must be dismissed.

## Conclusion

For the reasons stated, the motion to dismiss filed by the County of Rockingham and the County of Augusta will be denied, and the motion to dismiss filed by Wells will be granted in part and denied in part.

The Clerk is directed to send certified copies of this opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This 30 ᵗʰ day of March, 2007.

_____
United States District Judge

9